ORIGINAL



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FREDERICK TOOLEY,                                   :
        Petitioner                              :
                                :       CIVIL No. 00-CV-0978
      v.                                         :
                                :       (Judge Caldwell)
CHARLES ZIMMERMAN, WARDEN                            :
STATE CORRECTIONAL INSTITUTION                      :       (Magistrate Judge Smyser)
AT WAYMART AND                                      :
THE DISTRICT ATTORNEY OF LACKAWANNA                 :
COUNTY AND                                          :
THE ATTORNEY GENERAL OF PENNSYLVANIA                :
        Respondents                             :

**FILED**
**HARRISBURG**

JUN 0 8 2001

MARY E. D'ANDREA, CLERK
Per_____
            DEPUTY CLERK

PETITIONER'S BRIEF IN SUPPORT OF
PETITION TO RE-OPEN PETITION FOR WRIT OF HABEAS CORPUS

Table of Contents

TABLE OF AUTHORITIES ...................................................................................... ii
STATEMENT OF JURISDICTION........................................................................... 1
ISSUES ....................................................................................................................... 2
STATEMENT OF THE CASE.................................................................................... 3
SUMMARY OF THE ARGUMENT........................................................................... 4
ARGUMENT ............................................................................................................... 5
CONCLUSION............................................................................................................. 9

## TABLE OF AUTHORITIES

**Cases**

Cornell v. Nix, 119 F.3d 1329 (8th Cir. 1997)................................................................ 5

Daniels v. Blackburn, 763 F.2d 705 (5th Cir. 1985)....................................................... 8

Davis v. Adult Parole Authority, 610 F.2d 410 (6th Cir. 1979) ..................................... 6

Johnson v. Cabana, 661 F. Supp. 356 (S.D. Miss. 1987).............................................. 8

Jones v. Estelle, F.2d 159 (5th Cir. 1983)...................................................................... 8

Matarese v. Le Fevre, 801 F.2d 98 (2nd Cir. 1986)....................................................... 6

Mohammed v. Sullivan, 866 F.2d 258 (8th Cir. 1989) ................................................... 5

Pennsylvania v. Finley, 481 U.S. 551 (1987) ................................................................ 7

Sanders v. United States, 373 U.S. 1 (1963)................................................................... 6

Smith v. Anderson, 505 F.2d 642 (E.D. Mich. 1980) ..................................................... 7

Strickland v. Washington, 466 U.S. 668 (1984) ............................................................. 8

## STATEMENT OF JURISDICTION

Jurisdiction for this matter is conferred on the District Court by Title 28 Section 2254 of the United States Code.

## ISSUES

If a person held in state custody can reopen a Petition for Writ of Habeas Corpus where the original Petition was filed in a timely manner but was subsequently denied, not on the merits, due to Petitioner's attorney failure to file a supporting brief and any objections to the denial of the Petition?

## STATEMENT OF THE CASE

Petitioner, Fred Tooley, was convicted by a jury on August 5, 1995 in the Court of Common Pleas of LackawannaCounty, Pennsylvania indictment number 94-CR-588 on the charges of involuntary deviate sexual intercourse, indecent assault, endangering the welfare of a child and corruption of the morals of a minor. Petitioner was sentenced to a term of incarceration of seven (7) to fourteen (14) years in a state correctional institute. Petitioner is presently serving his sentence at the State Correctional Institution at Waymart. His Institution identification number is CV-6072.

Petitioner, having exhausted his state remedies, contacted attorney Michael T. van der Veen, and asked to represent him in the federal habeas action. Mr. van der Veen declined representation but referred Mr. Tooley to attorney John Drost. Mr. Drost agreed to represent M. Tooley and filed a Petition for WRIT OF HABEAS CORPUS with this Honorable Court on June 2, 2000. Petitioner avers that he is being unlawfully held because allegedly erroneous evidentiary rulings of the trial court deprived the Petitioner of due process of law under the Fourteenth Amendment to the United States Constitution. *Attached hereto as exhibit A is the Petition for Writ of Habeas Corpus.*

This Court sent Show Cause Orders to the District Attorney of Lackawanna County and the Pennsylvania Attorney General. The Lackawanna County District Attorney and Pennsylvania Attorney General's Office filed timely responses. By Order dated July 19, 2000 Parties were notified to file supporting briefs. Petitioner was to file within 20 days. Respondents would have 15 days to file response. Inexplicably, Mr. Drost never filed a supporting brief. Based on a review of the record Magistrate Judge Smyser made a report to the Honorable Judge William Caldwell stating that no brief had been filed supporting Mr.

3

Tooley's Petition for Writ of Habeas Corpus. Judge Smyser sent notice of his report to the attorneys and that any objections were due by September 28, 2000. Inexplicably, no objections were filed. Judge Caldwell adopted the report of Magistrate Judge Smyser and by Order dated October 6, 2000 denied Mr. Tooley's Petition and closed the case. It should be noted that none of the Court notices, orders or deadlines were sent to Mr. Tooley. All were sent to Mr. Drost, who inexplicably ignored them. Due to the unexplainable inaction of Mr. Drost the merits of Mr. Tooley's case have not been heard by this Honorable Court.

During the whole processes Mr. Tooley and his family attempted to contact Mr. Drost numerous times. Mr. Drost failed to return their phone calls and did not respond to any of the written requests for information made by Mr. Tooley and his family. When Mr. Drost failed to answer his phone calls and letters, Mr. Tooley contacted Michael van der Veen for assistance in checking on the status of the Petition. Mr. van der Veen placed dozens of phone calls and sent numerous letters and faxes to Mr. Drost. All phone calls and letters went unanswered. *Attached hereto as exhibit B are the letters from Mr. van der Veen to Mr. Drost.* On several occasions, Mr. van der Veen physically drove to Mr. Drost's office and waited there for hours until he arrived. Finally, Mr. Drost assured Mr. van der Veen that the brief was filed and everything was under control. He said he was awaiting a hearing date from the Court on the habeas petition. It was not until Mr. Tooley sent this Honorable Court a letter, that he was informed by the Court that no brief or objections had been filed on his behalf and Mr. Tooley's Petition was denied.

### SUMMARY OF THE ARGUMENT

First, Mr. Tooley's Petition for Writ of Habeas Corpus should be reopened because under the Federal Rules of Civil Procedure, the court has the authority to grant relief from a

4

final judgment or order where the judgment may work an extreme and undue hardship. Mr. Tooley's habeas claims have never been heard on their merits because of the inaction of his attorney and denying his Petition would impose undue hardship on him.

Second, Mr. Tooley's Petition should be reopened because the State's ability to respond to the Petition has not been prejudiced. The Court has adopted the equitable doctrine of laches to determine when the State would be prejudiced. The totality of the circumstances indicate that the State would be able to respond to Mr. Tooley's Petition

Third, The merits of Mr. Tooley's case have not been heard. Mr. Tooley's Petition was denied without the benefit of a supporting brief.

Finally, Mr. Tooley's Petition was denied due to procedural default caused by his attorney's inaction. The highly unprofessional conduct of Mr. Tooley's previous habeas counsel should not bar Mr. Tooley's ability to seek the relief afforded under Writ of Habeas Corpus.

ARGUMENT

Mr. Tooley's Petition should be granted under Rule 60(b) of Civil Procedure. Rule 60(b) allows a court to grant relief from a final judgment or order. Rule 60(b)(6) is invoked where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship and should be liberally construed when substantial justice may be served. Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989). The Rule allows reopening Petitions for a Writ of Habeas Corpus. Id. See also Cornell v. Nix, 119 F.3d 1329, 1333 (8th Cir. 1997). The Supreme Court of the United States discussing a habeas corpus case noted that "[c]onventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged." Sanders v. United States, 373 U.S.

5

1, 8 (1963). The United States Court of Appeals for the Second Circuit quoted this passage

from Sanders stating that it is particularly appropriate for the district court to entertain a Rule

60(b)(6) motion in the context of a habeas corpus proceeding. <u>Matarese v. Le Fevre</u>, 801 F.2d

98, 106 (2nd Cir. 1986).

      Application of the Rule 60(b)(6) is particularly appropriate in this case. Mr. Tooley's

attorney failure to file the brief and his subsequent attempts to avoid any contact with Mr.

Tooley, his family and Mr. van der Veen constitute extraordinary circumstances. The

judgment in this case denying the Petition will definitely work an extreme and undue hardship

because Mr. Tooley's habeas Petition has never been heard on its merits and was denied due

to procedural default that was no fault of his own. Denying his habeas Petition would impose

undue hardship on Mr. Tooley.

      When deciding this Petition to reopen Mr. Tooley's Petition for Writ of Habeas

Corpus the Court can also look to the Rules of procedure governing Habeas Corpus cases.

Rule 9(a) deals with delayed Petitions and codifies the equitable doctrine of laches to

determine if a delayed Petition can be heard. <u>Davis v. Adult Parole Authority</u>, 610 F.2d 410,

414 (6th Cir. 1979). Due to the potentially devastating impact of Rule 9(a) on the availability

of Habeas relief, it must be carefully considered and liberally construed. <u>Id</u> at 413. A two-

pronged test is applied to determine if a Petition should be allowed: (1) the State must appear

to be prejudiced in it's ability to respond to the Petition; and (2) Petitioner must be given an

opportunity to meet or rebut apparent prejudice, or to show that whatever prejudice the State

has suffered would not have been avoided had the Petition been filed earlier. <u>Id</u>. at 414.

      The State must show that it would be prejudiced in its ability to respond to the Petition

and the Petitioner must be given an opportunity to rebut the apparent prejudice. <u>Smith v.</u>

Anderson, 505 F.2d 642 (E.D. Mich. 1980).  The Petitioner can also show that any prejudice suffered by the State would not be avoided had the Petition been filed earlier. Id. While the doctrine of laches is based on the principal that a person should not benefit from their own failure to enforce thier own rights in a timely manner, Mr. Tooley will gain no advantage from this short delay.  Quite to the contrary, Mr. Tooley has spent this time in prison.  Mr. Tooley's Petition was filed within the time frame for filing a Petition for Writ of Habeas Corpus to challenge state custody.  There has been no change in the State's ability to respond to the Petition.

Rule 9(b) allows the judge to dismiss a second or successive Petition for a Writ of Habeas Corpus, if the judge finds that it fails to allege new or different grounds and that prior determination was on merits. Mr. Tooley's claim was not determined on its merits and was dismissed because of procedural default. Therefore, Mr. Tooley should be allowed to proceed with his Petition.

The issue of dismissal due to procedural default is closely connected with the issue of ineffective assistance of the Petitioner's habeas counsel, Mr. Drost.  Mr. Tooley should not be penalized for Mr. Drost's ineffective assistance. The Petitioner is well aware that there is an established rule that a Petitioner has no constitutional right to assistance of counsel in Habeas Corpus proceedings, and, therefore, Habeas relief should not be granted based solely on ineffective assistance of the counsel in the prior habeas proceedings. Pennsylvania v. Finley, 481 U.S. 551, 559 (1987). Nonetheless, there are two reasons for reopening the Petition in this case. First, the federal courts are divided as to the use of ineffective assistance of habeas counsel as an excuse for a procedural default. United States Court of Appeal for the 5th Circuit stated:

7

> Counsel competence in habeas proceedings is not a constitutional inquiry, since a state has no constitutional duty to provide counsel in collateral proceedings. Instead the question is whether such incompetence excuses the failure to include the new claim in the old Petition. Even a successive Petition seeking to litigate a claim a second time can be considered to prevent an injustice. Equally, incompetence of habeas counsel when it explains an omission or flawed submission can excuse what otherwise would amount to an abuse of the writ. Jones v. Estelle, F.2d 159, 167 (5th Cir. 1983).

In Estelle, the Petitioner challenged his prior habeas counsel's competence because the counsel allegedly failed to enclose all claims in the Petition. Id. The court reasoned that inquiry whether a counsel rendered reasonably effective assistance, turns in each case on the totality of facts. Id. The court noted further that for purposes of this analysis, the effectiveness of counsel's performance should be evaluated by the same standards that govern the constitutional inquiry into the effectiveness of counsel at a criminal trial. Id. See also Daniels v. Blackburn, 763 F.2d 705 (5th Cir. 1985); Johnson v. Cabana, 661 F. Supp. 356 (S.D. Miss. 1987). The standard referred to by the Estelle court is the two-pronged test announced by the Supreme Court of the United States in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, for a Petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that the counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different. Id. at 694. In the case before the court, Mr. Tooley's habeas counsel failed to file a brief in support for the Petition for a Writ of habeas Corpus. He lied to his client, to the clients family and to Mr. van der Veen, who made an effort to assist Mr. Tooley. This inaction resulted in the dismissal of the Petition without hearing. Under the Strickland test, the counsel's undoubtedly deficient performance might now result in an injustice. At this stage the Petitioner does not have to show that he would have eventually prevailed in the Habeas Petition. Of course, it is the Petitioner's position that he will absolutely prevail on his petition.

8

However, now he only has to show that but for his counsel's ineffectiveness, he would not have been denied access to the court. The issues presented in the original Petition for Writ of Habeas Corpus were and still are meritorious. The issues presented in the Petition clearly demonstrate that Petitioner was denied his due process right to a fair trial.

There is a second reason for reopening the Petition, which distinguishes the holding in Finley. The prayer for relief before the Court now is not to grant habeas relief but to merely reopen the Petition for Writ of Habeas Corpus, which has never been heard on its merits. In the case at bar, the Court is presented with incredible, unbelievable inaction of the habeas counsel that may rise to the level of unprofessional and unethical conduct. There can be no greater failing of an attorney than to miss a filing deadline. It will be unjust to punish a prisoner, limited in his ability to contact and influence his attorney, for his counsel's inaction.

CONCLUSION

Petitioner, Fred Tooley should be allowed to reopen his Petition for Writ of Habeas Corpus.  The denial of his Petition will work an extreme hardship, the State has not been prejudiced in its ability to respond to the Petition, the Petition has never been decided on its merits and Mr. Tooley should not be held responsible for Mr. Drost's failure to act with due diligence.

WHEREFORE, Frederick Tooley, respectfully requests this Honorable Court accept and consider his Petition and reopen his Petition for Writ of Habeas Corpus.

Respectfully Submitted,

Michael T. van der Veen, Esquire
25 Bustleton Pike
Feasterville, PA 19053

9

**EXHIBIT A**

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FREDERICK TOOLEY,
                    Petitioner                    :
                                                  :
                                                  :
                                                  :        No:
                                                  :
                    v.                            :
                                                  :
                                                  :
CHARLES H. ZIMMERMAN, WARDEN                      :
STATE CORRECTIONAL INSTITUTION                    :
AT WAYMART AND                                    :
THE DISTRICT ATTORNEY OF LACKAWANNA              :
COUNTY AND                                        :
THE ATTORNEY GENERAL OF PENNSYLVANIA             :
                    Respondents                   :

## PETITION FOR WRIT OF HABEAS CORPUS

AND NOW comes the petitioner, Frederick Tooley, by this counsel, John T. Drost, and
states as follows:

1.      Petitioner was convicted by a Jury on August 15, 1995 in the Court of Common
Pleas of Lackawanna County indictment number 94-CR-558 of the charges of involuntary
deviate sexual intercourse, indecent assault, endangering the welfare of a child and corruption of
the morals of a minor.  This prosecution was conducted by the Lackawanna County District
Attorney's Office by Assistant District Attorney, Michael J. Barrasse.

2.      Upon this conviction, petitioner was sentenced to a term on incarceration of seven
(7) to fourteen (14) years in a state correctional institution by the Honorable Frank Egan.
Petitioner is presently serving this sentence at the State Correctional Institution at Waymart.  His
institution number is CV-6072.

3.      This judgement of sentence was appealed to the Superior Court of Pennsylvania which affirmed the conviction and sentence on April 29, 1996.

4.      Petitioner filed a request for allowance of appeal to the Supreme Court of Pennsylvania which was denied on March 26, 1997.  To this point, petitioner had been represented by Mark Powell, Esquire, 142 Adams Avenue, Scranton PA.

5.      Petitioner filed a Petition for Relief under the Post Conviction Relief Act in the Court of Common Pleas of Lackawanna County, alleging ineffective assistance of counsel with respect to several issues.  Among these issues were the motion to suppress, failure to request a continuance of trial, failure to argue merger of sentence, failure to request a delay in sentencing, and failure to call witnesses.  A hearing on this petition was held and the petition was denied on November 17, 1998.  An appeal was taken to the Superior Court of Pennsylvania.  This Court denied relief.  Counsel for post-conviction relief was Ben Josielevski, Esquire, 116 N Washington Ave, Scranton, PA.

6.      Petitioner avers that he is being unlawfully held on the following grounds:

(ii     The trial court deprived the petitioner of due process of law under the Fourteenth Amendment to the United States Constitution when it refused to grant a mistrial after the Commonwealth elicited testimony ruled inadmissible prior to trial.

Before the commencement of trial, petitioner, through his counsel, filed a motion in limine to exclude testimony concerning unrelated acts of misconduct allegedly committed by him.  The Court granted this motion.  Despite the Court's ruling, the Commonwealth brought out this testimony through its witness.  After objection, the Court denied petitioner's motion for a mistrial.

(ii)    Petitioner was deprived of due process of law under the Fourteenth Amendment the United States Constitution when the trial court, over objection, permitted the

Commonwealth to introduce the prior consistent statement made by the alleged victim.

At trial, the Court permitted the Commonwealth to introduce portions of the alleged victim's testimony given at the preliminary hearing. This testimony was read into the record by a representative of the Commonwealth. Petitioner was not permitted to introduce other portions of this testimony nor have the alleged victim testify to these statements herself. There had been no allegation of recent fabrication during cross-examination of the witness. Furthermore, there was no basis given for not recalling the witness for testimony and confrontation.

7.    The issues presented in this Petition for Writ of Habeas Corpus are meritorious and demonstrate that petitioner was denied his due process right to a fair trial. Thus, he is entitled to a reversal of his convictions.

8.    The issues presented herein involve factual matters, and, as such, cannot be decided by this Court without the benefit of an evidentiary hearing.

WHEREFORE, Frederick Tooley, respectfully requests this Honorable Court accept and consider his Petition and that the Court consider action under Rule 8 of the Rules Governing Section 2254 cases in the United States District Courts.

Respectfully Submitted,

John T. Drost, Esquire
Temple University School of Law
Room 616
1719 N Broad St
Philadelphia PA 19122
(215) 204-9364

**EXHIBIT B**

LAW OFFICES
OF

# KATS, JAMISON, VAN DER VEEN & ASSOCIATES†

25 BUSTLETON PIKE
FEASTERVILLE, PA 19053

**MARINA KATS+Δ**
**SETH J. JAMISON*** (1961-1998)
**MICHAEL T.VAN DER VEEN**Δ**

OF COUNSEL:
Michael N. David***
  + Member PA, NJ, NY & Wash., D.C. Bars
  * Member PA & NJ Bars
 ** Member PA, NJ & IL Bars
*** Member PA, NJ & NY Bars
  Δ LL.M in Trial Advocacy

**(215) 396-9001**
**FAX (215) 396-8388**
**(800) LAW-1917**

E-mail: Marina@mkats.com
Website: http://www.mkats.com

NEW JERSEY OFFICE
1060 South Clinton Ave.
Trenton, NJ 08611-2022
(856) 795-0999

NEW YORK OFFICE
110 Wall Street, 21st Floor
New York, NY 10005
(212) 363-1997
Fax: (212) 742-9869

† LAW OFFICES OF
  KATS & ASSOCIATES, P.C.

June 2, 2000

John Drost, Esquire
Temple University Law School
1719 North Broad Street, Room 614
Philadelphia, PA 19122-6098

Re: Fred Tooley

Dear John:

    Enclosed please find a letter received from Fred
Tooley. Please try to correspond with him. Thank you for
your courteous attention.

Very truly yours,

Michael T. van der Veen

MTV/nb
Enclosures

*Please call me !!!*

Mr. VanderVeen,                    5-30-00

I've recieved a Copy of what mr. Drost
recently filed and if I am wrong please except my
Sincere apology, but only 2 issues, a 2 page brief
Seemes a bit weak dont it? I dont know much
about law very little in fact but there dosen't even
seem to be much of an arguement in what mr. D
prepared, please tell me there is more, like the
merger of my sentence or something, please give
me some assurance as to what my family and I were
told before taking my case or any money, and that
was you wouldn't take the case if ya couldn't help
by getting some kind of relief. I am very sorry
but I dont have a very good feeling on what
mr. Drost filed, Like I said I know very little
about these state courts and laws and less about
Federal, I hope that you can write and explain to
me just how what mr. Drost filed will get me
some relief, there must be more too this.
please reply ASAP and thank you for your
time patiences with me.

                              Sincerely
                              [signature]

LAW OFFICES
OF

# KATS, JAMISON, VAN DER VEEN & ASSOCIATES[†]

### 25 BUSTLETON PIKE
### FEASTERVILLE, PA 19053

MARINA KATS+∆
SETH J. JAMISON* (1961-1998)
MICHAEL T.VAN DER VEEN**∆

OF COUNSEL:
Michael N. David***
  + Member PA, NJ, NY & Wash., D.C. Bars
  * Member PA & NJ Bars
 ** Member PA, NJ & IL Bars
*** Member PA, NJ & NY Bars
  ∆ LL.M in Trial Advocacy

(215) 396-9001
FAX (215) 396-8388
(800) LAW-1917

E-mail: Marina@mkats.com
Website: http://www.mkats.com

NEW JERSEY OFFICE
1060 South Clinton Ave.
Trenton, NJ 08611-2022
(856) 795-0999

NEW YORK OFFICE
110 Wall Street, 21st Floor
New York, NY 10005
(212) 363-1997
Fax: (212) 742-9869

† LAW OFFICES OF
  KATS & ASSOCIATES, P.C.

July 21, 2000

John Drost, Esquire
Temple University Law School
1719 North Broad Street, Room 614
Philadelphia, PA 19122-6098

Re: Fred Tooley

Dear John:

As you are aware, I have tried numerous times to reach you regarding Mr. Tooley. I have telephoned, sent letters by mail and fax and have yet to receive a response.

It is imperative that you contact me upon receipt of this letter.

Very truly yours,

Michael T. van der Veen

MTV/nb

LAW OFFICES
OF

# KATS, JAMISON, VAN DER VEEN & ASSOCIATES

25 BUSTLETON PIKE
FEASTERVILLE, PA 19053

**MARINA KATS+Δ**
**SETH J. JAMISON\* (1961-1998)**
**MICHAEL T. VAN DER VEEN\*\*Δ**

OF COUNSEL:
Michael N. David\*\*\*
  + Member PA, NJ, NY & Wash., D.C. Bars
  \* Member PA & NJ Bars
 \*\* Member PA, NJ & IL Bars
\*\*\* Member PA, NJ & NY Bars
  Δ LL.M in Trial Advocacy

(215) 396-9001
FAX (215) 396-8388
(800) LAW-1917

E-mail: Marina@mkats.com
Website: http://www.mkats.com

NEW JERSEY OFFICE
1060 South Clinton Ave.
Trenton, NJ 08611-2022
(856) 795-0999

NEW YORK OFFICE
110 Wall Street, 21st Floor
New York, NY 10005
(212) 363-1997
Fax: (212) 742-9869
† LAW OFFICES OF
   KATS & ASSOCIATES, P.C.

August 15, 2000

John Drost, Esquire
Temple University Law School
1719 North Broad Street, Room 614
Philadelphia, PA 19122-6098

Re: Fred Tooley

Dear John:

To date I have not received any fax or mail regarding the documents you said were filed. Mrs. Tooley has called my office yesterday and today asking for a copy of the documents. Please contact me upon receipt of this letter.

Very truly yours,


Michael T. van der Veen


MTV/nb

LAW OFFICES
OF

# KATS, JAMISON, VAN DER VEEN & ASSOCIATES†

25 BUSTLETON PIKE
FEASTERVILLE, PA 19053

MARINA KATS+Δ
SETH J. JAMISON* (1961-1998)
MICHAEL T. VAN DER VEEN**Δ

OF COUNSEL:
MICHAEL N. DAVID***
  + Member PA, NJ, NY & Wash., D.C. Bars
  * Member PA, NJ Bars
  ** Member PA, NJ & IL Bars
*** Member PA, NJ & NY Bars
Δ LL.M in Trial Advocacy

(215) 396-9001
FAX (215) 396-8388
(800) LAW-1917

E-mail: Marina@mkats.com
Website: http://www.mkats.com

NEW JERSEY OFFICE
1060 South Clinton Ave.
Trenton, NJ 08611-2022
(856) 795-0999

NEW YORK OFFICE
110 Wall Street, 21st Floor
New York, NY 10005
(212) 496-5400

†LAW OFFICES OF
  KATS & ASSOCIATES, P.C.

October 27, 2000

John Drost, Esquire
Temple University Law School
1719 North Broad Street
Room 614
Philadelphia, PA 19122-6098

Re: Fred Tooley

Dear Mr. Drost:

Enclosed please find a copy of a letter sent to me by Mr. Tooley dated October 23, 2000. Please contact me upon receipt of this letter to discuss the above captioned matter in more detail.

Thank you for your attention to this matter.  I look forward to speaking with you in the near future.

Truly yours,

Michael T. van der Veen

MTV:vf
Enclosure

LAW OFFICES
OF

# KATS, JAMISON, VAN DER VEEN & ASSOCIATES†

25 BUSTLETON PIKE
FEASTERVILLE, PA 19053

**MARINA KATS+∆**
**SETH J. JAMISON*** (1961-1998)
**MICHAEL T. VAN DER VEEN****∆

OF COUNSEL:
Michael N. David***
   + Member PA, NJ, NY & Wash., D.C. Bars
   * Member PA & NJ Bars
  ** Member PA, NJ & IL Bars
 *** Member PA, NJ & NY Bars
   ∆ LL.M in Trial Advocacy

**(215) 396-9001**
**FAX (215) 396-8388**
**(800) LAW-1917**

E-mail: Marina@mkats.com
Website: http://www.mkats.com

NEW JERSEY OFFICE
1060 South Clinton Ave.
Trenton, NJ 08611-2022
(856) 795-0999

NEW YORK OFFICE
110 Wall Street, 21st Floor
New York, NY 10005
(212) 363-1997
Fax: (212) 742-9869

† LAW OFFICES OF
   KATS & ASSOCIATES, P.C.

*certified mail*

February 6, 2001

John Drost, Esquire
Temple University Law School
1719 North Broad Street, Room 614
Philadelphia, PA 19122-6098

Re: Fred Tooley

Dear John:

   I have not received Mr. Tooley's file. As you know, I have called your office and paged you several times regarding this matter. The Tooley family is very concerned about this matter and I have been receiving many phone calls. It is imperative that you contact me upon receipt of this letter as to when I may receive Mr. Tooley's complete file.

               Very truly yours,

               COPY

               Michael T. van der Veen

MTV:nb

Sent
2/26/01

LAW OFFICES
OF
**SON, VAN DER VEEN & ASSOCIATES†**

25 BUSTLETON PIKE
FEASTERVILLE, PA 19053

MARINA KATS+Δ
SETH J. JAMISON* (1961-1998)
MICHAEL T. VAN DER VEEN**Δ

OF COUNSEL:
MICHAEL N. DAVID***
  + Member PA, NJ, NY & Wash., D.C. Bars
  * Member PA, NJ Bars
  ** Member PA, NJ & IL Bars
  *** Member PA, NJ & NY Bars
  Δ LL.M in Trial Advocacy

(215) 396-9001
FAX (215) 396-8388
(800) LAW-1917

E-mail: Marina@mkats.com
Website: http://www.mkats.com

February 17, 2001

NEW JERSEY OFFICE
1060 South Clinton Ave.
Trenton, NJ 08611-2022
(856) 795-0999

NEW YORK OFFICE
110 Wall Street, 21st Floor
New York, NY 10005
(212) 496-5400

†LAW OFFICES OF
  KATS & ASSOCIATES, P.C.

John Drost, Esquire
Temple University Law School
1719 N. Broad Street, Room 614
Philadelphia, PA 19122-6098

RE: Fred Tooley

Dear John,

Enclosed you will please find a copy of the letter I just sent Mr. Tooley. It is my understanding that a brief in support of Mr. Tooley's Petition for Writ of Habeus Corpus was never filed and his appeal has been dismissed.

Please forward Mr. Tooley's case file to my office immediately.

Additionally, as a courtesy, I have enclosed a copy of the Writ of Replevin I will be filing on Mr. Tooley's behalf. If you wish to avoid litigation, please refund the money Mr. Tooley paid you for representing him on appeal. I have also recommended that Mr. Tooley contact the Pennsylvania Bar Association's Fee Dispute and Resolution Committee concerning this.

Hopefully I will hear from you promptly concerning this matter.

Very truly yours,

Michael T. van der Veen

MTV/bls

KATS, JAMISON, VAN DER VEEN & ASSOCIATES
BY:    Michael T. van der Veen, Esquire
          Identification No. 75616
          25 Bustleton Pike
          Feasterville, Pennsylvania 19053
          (215) 396-9001                                        Attorney for Petitioner

---

FREDERICK TOOLEY,                           :
                      Petitioner                   :
                                                         :        CIVIL No. 00-CV-0978
              v.                                       :
                                                         :        (Judge Caldwell)
CHARLES ZIMMERMAN, WARDEN       :
STATE CORRECTIONAL INSTITUTION  :        (Magistrate Judge Smyser)
AT WAYMART AND                              :
THE DISTRICT ATTORNEY OF LACKAWANNA   :
COUNTY AND                                      :
THE ATTORNEY GENERAL OF PENNSYLVANIA  :
                      Respondents                :

## CERTIFICATE OF SERVICE

            I, the undersigned, hereby certify that petitioner's BRIEF IN SUPPORT OF
PETITION TO RE-OPEN PETITION FOR WRIT OF HABEAS CORPUS was served via first-
class mail upon:

**Mike Fisher,**
**Attorney General of Pennsylvania**
Office of Attorney General
Strawberry Square, 16th Floor
Harrisburg, PA 17120

**Andrew Jarbola,**
**District Attorney of Lackawanna County**
Lackawanna County Court House
200 N. Washington Avenue
Scranton, PA 18503

**Charles Zimmerman or current Warden**
SCI Waymart
P.O. Box 256, Route #6
Waymart, PA 18472

**KATS, JAMISON, van der VEEN & ASSOCIATES**

_____
Michael T. van der Veen

**Dated:  June 7, 2001**