UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK E. TOOLEY, | : | CIVIL NO. 1:00-CV-0978 |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Smyser) |
| CHARLES H. ZIMMERMAN, THE DISTRICT ATTORNEY OF LACKAWANNA COUNTY and THE ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA, | : | FILED HARRISBURG, PA AUG 21 2001 MARY E. D'ANDREA, CLERK PER _____ DEPUTY CLERK |
| Respondents | : | |

### ORDER

The petitioner filed a motion on May 21, 2001 to reopen the petition for a writ of habeas corpus. By order of May 22, 2001, the motion to reopen was assigned to this magistrate judge for disposition. Briefs in support of and in opposition to the motion to reopen have been filed.

The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed on June 2, 2000. The case was assigned to Judge Caldwell and referred to this magistrate judge. By Order of

Certified from the record
Date 8/21/01
Mary E. D'Andrea, Clerk
Per _____ Deputy Clerk

AO 72A
(Rev.8/82)

June 9, 2000, the respondents were ordered to respond to the petition. A response to the petition was filed on June 28, 2000.

In an Order of July 19, 2000, we reviewed the two claims that the petitioner had asserted, noted the respondents' concession that state judicial remedies had been exhausted, and indicated the court's intention to address issues under 28 U.S.C. §§ 2254(d) and 2254(e). It was noted that neither party had briefed the merits of the petitioner's claims. The parties were ordered to file briefs in accordance with LR 83.32.5, and were instructed as to issues to be addressed.

The Order of July 19, 2000 gave notice to the petitioner through his attorney of the court's requirement for a brief in support of the petition to be filed. When the petitioner's attorney failed to comply with the July 19, 2000 Order, a recommendation was made to the district court judge to deny the petition.

2

In the Report and Recommendation of September 11, 2000, it was stated that:

> The petitioner presents two claims in his petition: 1) the trial court deprived the petitioner of due process of law under the Fourteenth Amendment when it refused to grant a mistrial after the Commonwealth elicited testimony ruled inadmissible prior to trial; and 2) the trial court deprived the petitioner of due process of law under the Fourteenth Amendment when it, over objection, permitted the Commonwealth to introduce the prior consistent statement made by the alleged victim.
>
> 28 U.S.C. §2254(d) provides:
>
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> 28 U.S.C. 2254(e) provides:
>
> (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue

3

made by the State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that -
(A) the claims relies on -
(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously discoverer through the exercise of due diligence; and
(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In the instant case, neither party has briefed the claims. Rather, the petitioner has summarily set forth the claims and the respondents have summarily denied that the trial court erred. By an Order dated July 19, 2000, we concluded that we did not have enough information to make a report and recommendation concerning the disposition of the petitioner's petition. We ordered the parties to file briefs in accordance with Local Rule 83.32.5. We ordered that the petitioner's brief should include, at a minimum, a discussion of the following: (a) how the claim is a claim that the petitioner is in custody in violation of his federally protected rights; (b)

4

whether a hearing is requested in federal court to develop a factual basis to support the claim; (c) if a hearing is requested, how the claim relies on a new rule of constitutional law, and how the claim relies on a factual predicate that could not have been previously discovered with due diligence; and (d) whether and how the state court decision of the claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. The petitioner was ordered to file his brief within twenty days of the July 19, 2000 Order. We also directed that the respondents' brief should address the same issues and that the briefs of the parties should include references to the record to support the arguments being made and that the parties should provide to the court those parts of the record to which they refer.

The petitioner has not filed a brief in support of his petition as ordered. Although given an opportunity to do so, the petitioner has failed to establish a state court adjudication resulting in a decision contrary to or involving an unreasonable application of clearly established federal law.

It was recommended that the petition be denied. Judge Caldwell denied the petition by Order of October 6, 2000.

The petitioner asserts that the case should be reopened pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.

AO 72A
(Rev.8/82)

The petitioner asserts that the petition was dismissed because his attorney failed to comply with rules and orders of the court and that a denial of his current motion to reopen would work an extreme and undue hardship upon the petitioner due not to the fault of the petitioner but rather to the fault of the petitioner's attorney.

In opposing the argument that the case should be reopened, the respondents argue that the Order of Judge Caldwell, in stating that the Court had independently reviewed the record, reflected that a determination had been made by the Court that the state court rulings in the petitioner's case were not based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding and that the state court rulings had not resulted in a decision that was contrary to or that involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. The Report and Recommendation was based upon the fact that, although given an opportunity to do so, the petitioner had

6

failed to establish a state court adjudication resulting in a decision contrary to or involving an unreasonable application of clearly established federal law. Neither the Report and Recommendation nor the entire record that has been assembled in this case, as noted in the Order of July 19, 2000, afforded in our view an adequate record for the Court to reliably and conclusively determine that there is not in Tooley's case an adjudication resulting in a decision contrary to or involving an unreasonable application of clearly established federal law. We do not construe Judge Caldwell's Order to embody a determination on the merits in the sense that the respondents assert. However, as stated in the Report and Recommendation and by adoption in Judge Caldwell's Order denying the petition, the petitioner had not established such a state court adjudication. It was the burden of the petitioner under the orders entered in this case to establish such a basis and the petitioner did not meet that burden. Now the petitioner seeks to reopen the case. Even in presenting his grounds for reopening, the petitioner still does not present a colorable theory that would warrant relief under 28 U.S.C. § 2254,

7

since the petitioner does not assert a basis for a theory of a state court adjudication involving an unreasonable application of clearly established federal law. Given the petitioner's earlier failure to comply with the Court's instruction to the petitioner to state the basis for the petition, a motion to reopen that does not state the basis for the petition does not state a basis for the Court to reopen.

The final order in this case is not shown to be subject to reopening under the Federal Rules of Civil Procedure or under 28 U.S.C. § 2254 or under the Rules Governing Section 2254 Cases.

**IT IS ORDERED** that the petition to reopen is **DENIED**.

　　　　　　　　　　　　　　　　　　／s／ J. Andrew Smyser
　　　　　　　　　　　　　　　　　　J. Andrew Smyser
　　　　　　　　　　　　　　　　　　Magistrate Judge

Dated: August 21, 2001.

AO 72A
(Rev.8/82)

```
            UNITED STATES DISTRICT COURT
                     FOR THE
            MIDDLE DISTRICT OF PENNSYLVANIA

           * * MAILING CERTIFICATE OF CLERK * *

                    August 21, 2001
```

Re:  1:00-cv-00978    Tooley v. Zimmerman

True and correct copies of the attached were mailed by the clerk to the following:

    Andrew Jarbola
    District Attorney of Lackawanna County
    200 N. Washington Ave
    Scranton, PA  18503

    John T. Drost, Esq.
    Temple University School of Law
    Room 616
    1719 N. Broad Street
    Philadelphia, PA  19122

    Michael T. van der Veen, Esq.
    Kats, Rovner and Associates
    25 Bustleton Pike
    Feasterville, PA  19053

    Dawn M. Riccardo, Esq.
    Suite 600, Scranton Electric Building
    507 Linden Street
    Scranton, PA  18503

    Lisa A. Gillick, Esq.
    Lackawanna Co. District Attorney's Office
    200 North Washington Ave.
    Scranton, PA  18503

```
cc:
Judge                          ( )              ( ) Pro Se Law Clerk
Magistrate Judge               (/)              ( ) INS
U.S. Marshal                   ( )              ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  (/)
Federal Public Defender        ( )
Summons Issued                 ( )   with N/C attached to complt. and served by:
                                     U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( )   with Petition attached & mailed certified mail
                                     to:  US Atty Gen   ( )    PA Atty Gen ( )
                                          DA of County  ( )    Respondents ( )
Bankruptcy Court               ( )
Other_____    ( )
                                                        MARY E. D'ANDREA, Clerk

DATE:  8/21/01                                   BY: _____
                                                        Deputy Clerk
```